ARTHUR M. BROWN *v.* LEE CHUCK, TAI KONG, CHANG WONG, LUM CHOY, HOP GIP, YONG TONG, LEE SUM, KO KAN, HO YAU, AH TAI, TONG KWONG, AH JACK, AH FAT, MAU LEONG, TIN YEE, AKANA, AH PACK, LUM LOOK, CHING SANG, AH MING, AH FOOK, LEE CHING, Y. AH PEU, YOOK LUNG, CHO KON, TUNG CHING, LUM TAI, CHUNG KET, PAK FOO, AH ON, CHANG CHEONG, CHONG WO, AH KAU, YEE LING, AH LONG, CHING FOON, AH TUCK, YEE SING, PAU LING, CHING WO, CHOONG SOON, TING CHEONG, TAU TAI, AH ING, YIM KWONG, AH NAU, LONG JOHN, SING CHONG, CHANG HOONG, LEE CHOON, PAU CHAI, AH LEE, CHING HIM, LOO CHUNG, AH LOOK, HOO SONG,

## LEE SUNG, YONG TAI, NEE SO, CHONG HOOK, YIP YAN, AH CHEONG, AH HANG, CHONG SEE AND AH TUCK.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 2, 1908.          DECIDED APRIL 14, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

BAIL—*parties to action on bond.*

In the absence of statute action on a bail bond is properly brought by the obligee though his term of office as sheriff has expired.

BAIL—*condition of bond—notice to principals.*

A bail bond being conditioned for the appearance of the principals upon the opening day of a court term and "thereafter from day to day and time to time as ordered or directed," an order in open court for the appearance of the principals with notice thereof to the surety is sufficient to sustain an action for default.

OPINION OF THE COURT BY HARTWELL, C.J.

This was an action to recover the sum of $1625 upon a bail bond executed November 27, 1906, by the defendant ·Lee Chuck, as surety, and the other defendants, sixty-five in number, as principals, the latter having been convicted in the district court of Honolulu of being present where gambling games were carried on and sentenced to a fine of $25 each and costs from which they appealed to the circuit court. Upon the trial on appeal, January 25, 1907, the principals named in the bond were again convicted and their motion for a new trial was denied. They then brought here a bill of exceptions which they withdrew August 28, 1907, and an order was thereupon made October 17, and transmitted to the circuit court, dismissing the exceptions. December 11, 1907, the circuit court made an order that the defendants—the principals on the bond—appear December 13 at 10 o'clock a. m. and that Lee

Chuck, the surety, be notified of the order by serving upon him a certified copy, which was done the same day. The defendants having failed to appear as ordered their default was noted December 13 and it was adjudged that their ·bond be forfeited. Lee Chuck, the only defendant served with process in the action, filed a general demurrer to the complaint which was sustained. The plaintiff excepted and for a more speedy determination of this cause the court allowed an interlocutory bill of exceptions for the purpose of presenting to this court the questions raised by the demurrer. The bill, however, is not interlocutory in its nature.

The argument by the defendant is (1) that the plaintiff had no legal capacity to sue since his office as sheriff was occuped by another person when the action was brought and (2) that the order requiring the defendants to appear was made without notice to them and hence was void, and that the order declaring the bond to be forfeited, having been made without notice to the principals named in the bond, was of no effect.

It is admitted "that the general rule at common law was that only the obligee or his personal representative could sue on a bond," but it is claimed that "there exists no statute in Hawaii which would specifically apply to the case at bar" and that "the whole current of legislation in these islands relative to actions on bonds shows that the custom and practice that the real party must sue for the enforcement of an obligation exists here and is a part of our law." The legislation referred to is Sec. 1561 R. L. providing that any person injured may bring an action for breach of the condition of a sheriff's bond for faithful performance of his duties, and Sec. 1887 R. L. allowing an action to be brought in the name of the clerk of the judiciary department for the use of any person for whose benefit a statutory appeal bond is made, which is required "to run to the clerk of the judiciary department and to his successors in such office."

Except in allowing an action on a sheriff's bond to be brought by a person whose pecuniary interest is affected by breach of its conditions the statutes of Hawaii have not changed the common law rule that an action on a bond must be brought by the obligee whether he is the real person in interest or not. It was because of the rule being in force that a statute was required in order to enable a person interested to sue on a sheriff's bond. In the other instance cited by the defendant it is not the party in interest who is allowed to sue on an appeal bond but the official to whom it runs. All the cases cited in the defendant's brief upon this question appear to be based upon statutes requiring an action to be brought by the real party in interest and that actions on official bonds shall be brought in the name of the state or that they may be brought by a successor in office or else are based merely on the practice of the court. We are aware of no case in our practice in which the common law rule has not been observed and this practice conforms to the statute declaratory of the common law. Sec. 1 R. L. The bond was made to Brown as county sheriff and not to him and his successors in office and the action then was properly brought in his name.

The second question presented by the defendant in support of his demurrer is whether the condition of the bond that the principals named in it would appear at the opening day of the court at its next term and "thereafter from day to day and time to time as ordered or directed" meant or required that if an order for their appearance should be made while they were not in attendance at some other day than at the opening day of the term or a day certain to which their cause was continued they would be served with a copy or otherwise officially notified of the order. After their conviction in January until withdrawal of their exceptions the following August they would have been in the custody of the officer, as their fines were not paid, but for their bond for appearance which, by Sec. 2776

R. L., continued until final determination of any subsequent proceedings in the cause. They had appointed the defendant their custodian and he had made himself responsible for their appearance. If they had escaped he would not for that reason have been released from liability although if they were prevented by illness from attending when ordered or if death had intervened his obligation would have been discharged. If he was unable to notify them of the order it would be improbable that an officer would have found them. The surety could easily have notified his principals or else have shown to the court his inability to do so and requested an official search, although upon a return that the officer could not find them the surety would have been liable. Was it not then the duty of the surety to notify his principals and produce them or show why they could not appear?

The bond in this case was joint and several. Notice to one of several persons having common interests in the same subject matter operates as notice to all as, for instance, in cases of notice to one of several trustees of an estate.

The cases cited by the defendant in which notice was, "under the condition of the bond, a prerequisite to an appearance (5 Cyc. 125), are a Louisiana case in which the condition was to appear "when called on;" a New York case to appear from time to time as directed; an Arkansas case in which the prisoner was told that he would be notified.

It would have been better, perhaps, if the court had ordered service upon the other defendants of the order requiring their appearance, but it is not apparent that the rights of the surety have been prejudiced by the omission.

Exceptions sustained, order sustaining demurrer vacated.

W. L. Whitney, Deputy Attorney General (M. F. Prosser on the brief), for plaintiff.

R. W. Breckons and W. W. Thayer for defendants.